UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID P. ESPOSITO<br><br>*Plaintiff,*<br><br>vs.<br><br>TOWN OF NORTH PROVIDENCE, by and through it's Finance Director ROBERT DISTEFANO, ET AL<br><br>*Defendants.* | C.A. No. 04-302 S |

**DEFENDANTS' RULE 12.1 STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

NOW COME Defendants and, in accordance with Rule 12.1 of the Local Rules of the Federal District Court for the District of Rhode Island, hereby submit the within Statement of Undisputed Facts:

1. Plaintiff is the Crime Prevention Officer (CPO) for the Town of North Providence
2. Plaintiff is a member of the Public Service Employees' Local Union 1033.
3. In 1990, the CPO position was the subject of an arbitration dispute between plaintiff's union, Local 1033 and the police officers' union, with both unions claiming the right to name one of its members to the position. Part of this dispute surrounded the job description and job qualifications of the position. After hearing it was ultimately determined that the position should be filled by a Local

1033 member. However, the issue of the job description as well as job qualifications was left open.

4. After a subsequent grievance surrounding plaintiff's qualifications for the position, the Town was directed to appoint plaintiff as the CPO by the 1993 Order of an Arbitrator.

5. As a member of Local 1033, Plaintiff possesses grievance rights under Local 1033's Collective Bargaining Agreement with the Town. *Deposition of Plaintiff (hereinafter "Depo.") (September 8, 2005) at 28.*

6. Since he began his employment with the Town, plaintiff has filed a number of grievances challenging all aspects of his position.

7. In July 1994, plaintiff filed a grievance pursuant to the Collective Bargaining Agreement challenging the Town's alleged denial of his right to perform the job as outlined in the disputed job description. *Depo. at 31.* This grievance, which was decided by an arbitrator in November 1999, is currently on appeal before the Superior Court.

8. Because of the pending grievance, plaintiff reached an agreement with the Town in 2002 that he would move over to the Division of Inspections and write grants "until a suitable job description was negotiated or arbitrations were done {sic}or some kind of ruling." *Depo. at 62.*

9. The majority of actions plaintiff relies on to support his claims occurred from 1994 to 2001. *Plaintiff's Complaint; Depo. at 34.*

10. Almost all of the actions plaintiff relies upon to support his claims in the instant case were the topic of past grievances or workers' compensation claims. *Deposition, at 34.*

11. Two (2) such grievances surrounding administrative discipline were resolved by a stipulated agreement between the parties. *Depo. at 37-38 & 43-44.*

12. The symptoms plaintiff claims to experience as a result of his allergies are alleviated by daily doses of Allegra. *Depo. at 16, 18.*

13. Plaintiff was out of work from March 1996 to September 1998 and again from March 1999 through September 2001. *Plaintiff's Complaint, at ¶¶ 45 & 47.*

14. Plaintiff filed workers' compensation claims for both periods of time seeking to recover for both physical and psychological disability.

15. A stipulated agreement was entered for the 1996-1998 time out of work for physical ailments. *Depo. at 4-6.*

16. Plaintiff however, lost both his claim for psychological injuries as well as his claim for all benefits for the 1999-2001 time period. *Deposition, at 5 & 1*

17. Plaintiff's allergies do not prevent him from performing everyday tasks. *Depo. at 19-26.*

18. Plaintiff's allergies do not prevent him from working in a well-ventilated areas.

19. Plaintiff has not suffered the "consistent sinusitis" that he claimed to suffer in 1996 in the past three (3) years.

Defendants,
By their attorneys,

Marc DeSisto, Esq. (#2757)
Kathleen M. Daniels, (#4766)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 facsimile
marc@desistolaw.com
kathleen@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true and accurate copy of the within Rule 12.1 Statement of Undisputed Facts was mailed, postage prepaid, on this 1st day of November, 2005 to:

Joseph P. Casale, Esq. (#3653)
438 East Main Road
Middletown, RI 02842
Phone: (401) 841-0004
Fax: (401) 841-0016