**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**David P. Esposito**
**Plaintiff**

**Vs.** **C.A. # 04-302S**

**Town of North Providence, by and**
**Through its Finance Director, Robert DiStefano &**
**its agents, Mayor A. Ralph Mollis, John Fleming,**
**Ernest C. Spaziano, G. Richard Fossa,**
**William V. Devine, Joseph DiCenzo**
**Leo J. Perrotta, William Abbatemateo**

**PLAINTIFF'S RULE 12.1 STATEMENT OF DISPUTED FACTS**

Now comes the Plaintiff and in accordance with Rule 12.1 of the Local Rules of the Federal District Court for the District of Rhode Island, hereby submit the facts in dispute.

#3. The job description referred to in the 1990 arbitration was not left open. The existing job description was discussed in the arbitration and said decision stated that "That the town was to fill the position with a Local 1033 member." See Verified complaint, 14, 15, 20 and Plaintiff's Response to Production #3)

#7 Said job description was made part of and written into this arbitration. See verified complaint, 36, 37, 38, 39, 40 and Plaintiff's Response to Production 6&7

#8. Plaintiff has maintained that the word "agreement" does not really describe the event correctly. Because of the harassment, working conditions, numerous grievances, and the fact that the Superior Court hadn't rendered a decision in the 1999 arbitration, Plaintiff was forced to accept this move. See Plaintiff depo 17, 62, 69, 70 and Plaintiff's Response to Production 14

#9. Plaintiff has stated that he has received constant harassment from 1994- the filing of the complaint. See deposition of Plaintiff p 33-40; 60-62; 64-65. See also verified complaint 49-68 and Plaintiff's response to production 12,-15

#10. Plaintiff objects to the term "almost all" in that there were numerous instances not covered by Grievance or worker's compensation procedures. See Plaintiff's Deposition 32-34 +36 and Verified complaint 56-68.

#11. This paragraph neglects to state that the harassment continued after said "resolution". See depo 37-38; 43-44. Further an arbitration may resolve contract rights but does not grant relief for civil rights violations. See generally **Schmidt v Safeway, Inc 864 F. Supp 991 (Dist of Oregon 1991) and Gilmer v Interstate Johnson Lane Corp., 111 S.Ct 1647 (1991)**

#12 The symptoms experienced by the Plaintiff as a result of his allergies are not alleviated by medication In Plaintiff's Deposition he stated, " It helps my symptoms." P. 18

#17. Plaintiff has chronic problems with breathing, sleeping, working. See deposition of Plaintiff P 16, 65, 72; Verified complaint 43, 44, 57. Plaintiff's Response to Production 8, 9, 11

#19. Defendants make a conclusion in their statement. Plaintiff suffers from said condition permanently. See Verified Complaint 51, 57, 62, 76, 78; Plaintiff's 63-65; Plaintiff's Response to Production #8& 14.

PLAINTIFF,
By His Attorney

Joseph P.Casale, Esquire #3653
438 East Main Road
Middletown, RI 02842
401-841-0004
401-841-0016
Aquidnecklegal@aol.com

## CERTIFICATION

I certify that on the 21 day of December, 2005 I caused to be mailed a copy of the above to Attorney Marc DeSisto, 211 Angell Street, P.O. Box 2563, Providence, RI 02906